DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALBERT KELLY MANGUM, )<br>)<br>Defendant. )<br>) | Civil Action No. 2016-0001 |

**Appearances:**
**Matthew Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
**Ryan C. Meade, Esq.,**
Miami, FL
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" (Dkt. No. 50) filed by Plaintiff Federal National Mortgage Association ("Plaintiff") against Defendants Penny M. Crawley ("Crawley")[1] and Albert Kelly Mangum ("Mangum")[2] (collectively "Defendants"). For the reasons discussed below, the Court will grant, in part, Plaintiff's Motion as to Defendant Mangum.

---

[1] Defendant Crawley died in July 2013. A Suggestion of Death was filed with the Court after this case was commenced. (Dkt. No. 30-1). No successor was substituted for Crawley and she was terminated as a party in the case. (Dkt. No. 33).

[2] The Court notes that some of Plaintiff's filings identify this Defendant as Albert Magnum (Dkt. No. 50), although the Note and Mortgage reflect that the correct spelling of Defendant's name is Mangum. (Dkt. Nos. 1-1; 1-2).

## I. BACKGROUND

On January 8, 2016, Plaintiff filed a Complaint against Defendants alleging causes of action for debt and foreclosure of a mortgage on real property. (Dkt. No. 1 at 4-5). Plaintiff alleges that Defendants executed a Note on June 15, 2004, in which they promised to pay Flagstar Bank, FSB the principal amount of $95,920.00, together with interest at the rate of 6.875% per annum, in equal monthly payments of $630.13. (*Id.* at 2; Dkt. No. 1-1). The Note was secured by a Mortgage with Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for Flagstar Bank, FSB, that was executed by Defendants on the same day. The Mortgage placed a lien on real property ("Property") described as:

> Plot No. 57, Estate Sion Farm, Queen Quarter, St. Croix, U.S. Virgin Islands consisting of 0.34442 U.S. acres, more or less as more fully shown on OLG Drawing No. 1922, dated June 8, 1966, revised November 12, 1970.

(Dkt. Nos. 1 at 2; 1-2 at 2). The Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix ("St. Croix Recorder") on June 15, 2004. (Dkt. Nos. 1 at 2; 1-2 at 9).

The Complaint alleges that in November 2015, MERS assigned the Mortgage to Plaintiff. That assignment was recorded on November 23, 2015 with the St. Croix Recorder. (Dkt. Nos. 1 at 3; 1-3). Plaintiff asserts that it owns and/or holds the Note and Mortgage and is entitled to enforce the same. (Dkt. No. 1 at 3).

Plaintiff further alleges that, beginning on July 1, 2015, Defendants defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest as they became due, and that Defendants were given notice of the default. (*Id.* at 3; Dkt. No. 1-4). Plaintiff further asserts that pursuant to the terms of the Note, it elected to declare the entire unpaid principal sum, with all accrued interests and late charges, due and immediately payable. (Dkt. No. 1 at 3).

Plaintiff alleges that Defendants owe it the unpaid principal balance of $76,933.80; unpaid interest accrued; and reimbursement of any advances, expenses, fees, costs and late charges accrued before and during this action. *Id.* at 4. Plaintiff further asks that the Court: find that its Mortgage is valid; determine the priority of liens; foreclose Plaintiff's lien against the Property; and direct that the Property be sold to satisfy Defendants' debt. In addition, Plaintiff requests an award for its attorneys' fees and costs in obtaining judgment and the award of a personal judgment against Defendants for any deficiency that may exist after the sale of the Property. *Id.* at 4-5.

Thereafter, Plaintiff filed a Suggestion of Death reporting that Crawley had died. (Dkt. No. 30-1). Due to unsuccessful efforts in attempting to serve the summons on Defendant Mangum, the Magistrate Judge issued an Order permitting Plaintiff to serve Mangum by publication. (Dkt. No. 25). Plaintiff completed service by publication and the Magistrate Judge entered default against Mangum. (Dkt. Nos. 34; 49). Plaintiff then filed the instant Motion for Default Judgment and Affidavit of Indebtedness. (Dkt. Nos. 50; 51). Attached to the Motion is a Status Report from the Department of Defense Manpower Data Center establishing that Mangum was not in the military. (Dkt. No. 50-2).

Plaintiff argues that the procedural elements for default judgment against Mangum have been satisfied because: Mangum was properly served with copies of the Summons and Complaint; the Court entered default against him; and he is not an infant or incompetent person, nor is he in the military service. (Dkt. No. 50 at 3-5). Plaintiff further asserts that Crawley's interest in the property passed to Mangum upon Crawley's death. *Id.* at 4.[3] Plaintiff also contends that the

---

[3] The Property was held by Crawley and Mangum, husband and wife, as tenants by the entireties. (Dkt. No. 1-2). Under Virgin Islands law, a tenancy by the entirety includes the right of survivorship to the property during the marriage. *Modeste v. Benjamin*, 18 V.I. 619, 621-22 (D.V.I. 1981).

3

pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that Mangum executed the Note and the Mortgage; Plaintiff has possession of the original Note and is holder of the Mortgage; Mangum defaulted under the terms of the Note and Mortgage; Mangum was given proper notice of the default and he failed to cure that default; and Plaintiff properly elected to accelerate the amounts due and owing and foreclose on the Property. *Id.* at 4-5. In addition, Plaintiff asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 6-8. Finally, Plaintiff asserts that it is entitled to an award of costs and attorneys' fees incurred in the prosecution of this action. *Id.* at 7-8.

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness signed by a Foreclosure Specialist working for Plaintiff's loan servicer, who explained how its document management system tracks and maintains records of debit and credit transactions related to the Mortgage and Note. (Dkt. No. 50-3 at ¶¶ 1-4). The Affidavit sets forth the amounts allegedly due and owing through September 14, 2018: an unpaid principal balance of $76,933.80; unpaid interest from June 1, 2015 through September 14, 2018 of $17,378.41; late fees of $189.06; advances of $12,438.29 for insurance and taxes on the property; and a "recoverable balance" of $10,914.70 for property inspection fees, property preservation costs, Broker Price Option ("BPO") and title costs, and attorneys' fees, for a total amount due of $117,659.84. *Id.* at ¶ 9. The affiant also asserts that interest accrues on the outstanding debt at the per diem rate of $14.49. *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as

security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2d Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017); *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); Fed. R. Civ. P. 8(b)(6). "Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court." *Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *3 (D.V.I. March 27, 2018) (citing *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.,* 189 F.3d 242, 244 (3d Cir. 1951)).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019) (quoting *Flagstar Bank, FSB v. Rivers,* 2014 WL 1101859, at *3 (D.V.I. Mar. 18, 2014); Fed. R. Civ. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable

5

conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III.   ANALYSIS

The factual allegations of the Complaint, as supported by the accompanying documents, set out all the necessary elements to entitle Plaintiff to judgment. Plaintiff has adequately alleged that (1) Mangum executed a Note and Mortgage with its predecessor-in-interest; (2) that Mangum is in default under the terms of the Note and Mortgage; and (3) the Note and Mortgage were properly transferred to Plaintiff, who possesses the same and is therefore authorized to enforce the Note and Mortgage. *Brouillard*, 63 V.I. at 793.

In addition, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Mangum. It has properly shown that: (1) default was entered against Mangum by the Court (Dkt. No. 49); (2) Mangum has not appeared; (3) Mangum is neither an infant nor incompetent person (Dkt. No. 38-2 at ¶ 8); and (4) Mangum was validly served with process. (Dkt. No. 5). In addition, Plaintiff established that it investigated and found no information indicating that Mangum was in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. Nos. 15-8; 38-1).

Plaintiff also has shown with specificity how it calculated most of the amount claimed. (Dkt. No. 27). As set forth in the Declaration of Indebtedness and exhibits attached thereto, Plaintiff seeks unpaid principal of $76,933.80; accrued unpaid interest from June 1, 2015 through September 14, 2018 totaling $17,378.41; escrow advances for taxes and hazard insurance totaling $12,438.29; and late fees of $189.06, for a total indebtedness of $106,939.56 through September

14, 2018, with interest accruing at $14.49 per diem thereafter until the date of judgment. (Dkt. No. 36 and Exhibits).[4]

Plaintiff also seeks to include in its Judgment a "recoverable balance" of $10,914.70. However, the Affidavit of Indebtedness fails to adequately explain certain expenses identified as "Tech Submission," "NonBor Tax Search," "Sheriffsfeescosts," "Legalpostingcost," and "Publicat Notice"—in terms of the types of services provided, the need for the services, or the reasonableness of the charges—to permit the recovery of those costs. In addition, the recoverable balance itemization includes attorneys' fees—without any information describing the legal services performed, the hourly rate for such services, and how those services were reasonably necessary in this matter. These insufficiently explained expenses total $9,695.70. Accordingly, the Court will only award a total of $1,219.00. for the "recoverable balance," reflecting the amounts for property inspection fees, lawn and property maintenance costs, and BPO Analyses. (Dkt. No. 50-4).[5]

The Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from Mangum's breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Mangum's default was a result of his culpable conduct as evidenced by his refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding

---

[4] Defendant Mangum's personal liability in this case was discharged by an Order of the Bankruptcy Court in the District of Maryland. (Dkt. No. 22).

[5] The Court will permit Plaintiff to recover any of the disallowed expenses upon a more detailed showing of the types of services provided and the reasons the expenses were necessary. To recover attorneys' fees and expenses, Plaintiff also must comply with the established method of proving that legal fees are reasonable and attach billing statements and/or invoices for legal fees and expenses. *See United States v. Woods*, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016); *see also* LRCi 54.1.

that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, default judgment against Mangum is appropriate.

## IV. CONCLUSION

Plaintiff has satisfied the requirements necessary for entry of a default judgment against Albert Kelly Mangum. The Court will grant in part Plaintiff's Motion for Default Judgment (Dkt. No. 15) on the debt and foreclosure causes of action in its Complaint. In this regard, the Court will award Plaintiff an unpaid principal balance of $76,933.80; accrued unpaid interest from June 1, 2015 through September 14, 2018 totaling $17,378.41; a recoverable balance totaling $1,219.00; escrow advances for taxes and hazard insurance on the property totaling $12,438.29; and late fees of $189.06, for a total indebtedness of $108,158.56 as of September 14, 2018 with interest accruing at $14.49 per diem thereafter until the date of judgment. The balance of the requested "recoverable balance" of $9,695.70 will be denied without prejudice. In addition, in the absence of any evidence of superior liens against the Property, the Court finds that Plaintiff's lien is superior to any and all liens recorded against the Property after June 15, 2004.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: February 18, 2021 _____/s/_____
                                                           WILMA A. LEWIS
                                                           Chief Judge